■ LOUIS B. BERNSTEIN, Respondent, v ARTHUR ANDERSEN & Co., Appellant. [621 NYS2d 80] —In a negligence action, the defendant appeals from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), entered June 10, 1992, as denied that branch of its motion which was to dismiss the complaint on the grounds that the plaintiff lacked standing to bring the action in an individual capacity and granted the plaintiff's cross motion for leave to serve an amended complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff Louis B. Bernstein commenced this action against Arthur Andersen & Co., an accounting firm, to recover damages arising from the firm's allegedly negligent prepara-

tion of a compliance report in connection with the auditing of its client the New York Guardian Mortgagee Corp. (hereinafter NYG), a mortgage servicing company. In or about December 1985, the plaintiff was the owner of approximately 85% of the outstanding stock of Guardian Bank, N. A. (hereinafter the Bank); the Bank at that time owned 100% of the outstanding stock of Guardian Diversified Services, Inc. (hereinafter GDSI) and NYG. GDSI was the parent holding company of NYG. The plaintiff was a director of the Bank, of GDSI, and of NYG, as well as Chief Executive Officer of NYG. In or about March 1987, the plaintiff formed a corporation known as LBB Company, Inc. (hereinafter LBB), which acquired GDSI from the Bank. As a condition of the sale, the plaintiff and his wife personally guaranteed a loan in the amount of $175,000,000.

Contrary to the defendant's contention, the Supreme Court properly denied that branch of the defendant's motion which was to dismiss the complaint on the ground that the plaintiff lacked standing to bring the action in an individual capacity. Before a party may recover in tort for pecuniary loss sustained as a result of another's negligent misrepresentations, there must be a showing that there was either actual privity of contract between the parties or a relationship so close as to approach that of privity (*Prudential Ins. Co. v Dewey, Ballantine, Bushby, Palmer & Wood,* 80 NY2d 377, 382). To hold accountants liable in negligence to noncontractual parties who rely to their detriment on inaccurate financial reports, certain prerequisites must be satisfied: "(1) the accountants must have been aware that the financial reports were to be used for a particular purpose or purposes; (2) in the furtherance of which a known party or parties was intended to rely; and (3) there must have been some conduct on the part of the accountants linking them to that party or parties, which evinces the accountants' understanding of that party or parties' reliance" (*Credit Alliance Corp. v Andersen & Co.,* 65 NY2d 536, 551). Here, the complaint sufficiently sets forth a cause of action to recover damages for accountant's malpractice under the criteria set forth in *Credit Alliance Corp. v Andersen & Co. (supra; see, Prudential Ins. Co. v Dewey, Ballantine, Bushby, Palmer & Wood,* 80 NY2d 377, *supra; Ossining Union Free School Dist. v Anderson LaRocca Anderson,* 73 NY2d 417; *European Am. Bank & Trust Co. v Strauhs & Kaye,* 65 NY2d 536).

Moreover, the plaintiff's cross motion for leave to serve an amended complaint was properly granted (*see,* CPLR 3025 [b]). Balletta, J. P., O'Brien, Hart and Friedmann, JJ., concur.